# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **BRIAN BERNARD WILLIN,** | § | |
| **TDCJ No. 01795654,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:18-cv-00012-O-BP** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Brian Bernard Willin pursuant to 28 U.S.C. § 2254. (ECF No. 1). After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 1) as moot.

## Background

Willin is an inmate currently confined in the Joe Corley Detention Facility in Conroe, Texas, and brings this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). Willin challenges the validity of his disciplinary case (No. 20170120111) for a level 1, code 10 offense of an act defined as a felony by the laws of the state of Texas, Texas Penal Code § 37.101, fraudulent filing of financing statement. (ECF No. 1-1 at 9). Willin states that his disciplinary case resulted in 30 days of good-time credit lost; commissary, cell, and recreation restrictions; an increase in custody level to general population level five; and confiscation of documents and property. (*Id.* at 5). As relief,

Willing seeks reversal of his conviction and reinstatement to his pre-conviction status, including the return of his property. (*Id.).* At the time he filed his petition, he had indicated his step one and step two grievances were unsuccessful in overturning his conviction. (*Id.* at 4–5).

On August 10, 2018, Respondent filed a motion to dismiss Willin's petition that included the affidavit of a Program Supervisor of the Counsel Substitute Program of the Texas Department of Criminal Justice, Administrative Review and Risk Management Division, dated July 25, 2018. (ECF No. 20). In that affidavit, the Program Supervisor testified that Willin's disciplinary case had been overturned, his punishment deleted, and his good-time credit restored. (*Id.*). In the motion, Respondent argues that Willin's petition consequently should be dismissed as moot. (*Id.).* After reviewing Respondent's motion, the undersigned ordered Willin to show cause why his case should not be dismissed as moot. (ECF No. 22). Willin responded urging, among other claims, the Court to proceed with adjudicating the case because it was questionable that his status had been restored and that his property and legal documents had not been returned. (ECF No. 26 at 2–3). The Court ordered Respondent to reply to Willin's arguments. (ECF No. 27). The Respondent replied by reasserting its motion to dismiss as moot and attached records showing that Willin's good-time credit had been restored and his disciplinary case had been overturned. (*Compare* ECF No. 28-1 *with* ECF No. 28-2).

Also pending before the Court are Willin's multiple motions to amend his habeas corpus petition. (*See* ECF Nos. 30–32). In those motions, Willin reasserts his claim that Respondent refuses to return his property (UCC Materials) and continues to violate his rights by refusing him and other inmates to copy or possess UCC Materials. (ECF No. 32). Willin's potential civil rights claim was previously severed by the Court into a separate civil rights case. (ECF No. 36). Willin's other motions formerly pending in this case were severed into the civil rights case by that order.

Accordingly, the only matter before the Court is the petition's claims regarding Willin's disciplinary case.

**Legal Standards and Analysis**

Article III of the Constitution limits jurisdiction of federal courts to actual "cases" and "controversies." U.S. Const. art. III, § 2. A moot case presents no case or controversy, and a federal court has no constitutional jurisdiction to resolve the issues presented in such a matter. *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (citing *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir.1999)). Here, Willin has received the relief requested in his petition. His disciplinary case has been overturned, punishment revoked, and good-time credit restored. Therefore, Willin's actionable claims are moot because the Court cannot grant him any further relief. *See, e.g.*, *Johnson v. Dretke*, No. 2:03-CV-0361, 2005 WL 831356, at *1 (N.D. Tex. Apr. 8, 2005) (dismissing as moot petitioner's claims after his disciplinary case had been overturned and good-time credit restored); *Hayes v. Dretke*, No. 2:03-CV-0084, 2004 WL 2339314, at *1 (N.D. Tex. Oct. 15, 2004), *adopted by*, No. 2:03-CV-0084, 2004 WL 2434679 (N.D. Tex. Nov. 1, 2004) (same).

To the extent Willin challenges the loss of recreation and commissary privileges and cell restriction as a result of case number 20170120111, such punishments constitute changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Willin do not raise such concerns.

3

**Conclusion**

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Petition (ECF No. 1) be **DISMISSED** without prejudice as moot.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed January 22, 2019.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE